**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

DARLENE TATE,

                Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                Defendant.

Case No. 10-CV-712-FHM

## OPINION AND ORDER

Plaintiff, Darlene Tate, seeks judicial review of a decision of the Commissioner of

the Social Security Administration denying Social Security disability benefits.[1]   In

accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before

a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C.

§ 405(g) is limited to a determination whether the record as a whole contains substantial

evidence to support the decision and whether the correct legal standards were applied.

*See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v.*

*Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,*

26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less

than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1]   Plaintiff's September 11, 2008, application for disability benefits was denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held March 05, 2010.  By decision dated April 30, 2010, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on September 3, 2010.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 46 years old on the alleged date of onset and 51 on the date of the decision.  She has a bachelor's degree in education and formerly worked as teacher.  She claims to have been unable to work since February 1, 2005, as a result of deep vein thrombosis, hand pain, and major depressive disorder.

Plaintiff had a previous denial of benefits on September 25, 2007, [Dkt. 11-2, p. 23], which she did not appeal and which was not reopened.  Therefore the period under consideration is September 26, 2007 to April 30, 2010.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 404.1567(c), except she is limited to performing simple tasks with routine supervision, could relate to supervisors or peers on a superficial work basis, and needs to avoid contact with the general public in person and by telephone.  [Dkt. 11-2, p. 13].  Although these impairments render Plaintiff unable to return to her past relevant work, based on the testimony of the vocational expert the ALJ

determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [Dkt. 11-2, pp. 17-18]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ: (1) failed to properly consider the medical source opinions; (2) made a faulty step five determination; and (3) made a faulty credibility determination.

## Analysis

The regulations permit one seeking Appeals Council review of an ALJ's decision to submit additional evidence. 20 C.F.R. § 404.968(a). The regulations also state "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Evidence is considered new within the meaning of § 404.970(b) if it is not duplicative or cumulative. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003).

Following the ALJ's decision, Plaintiff submitted a letter to the Appeals Council from Gary R. Lee, M.D. dated June 24, 2010, which was written to her attorney. The letter reports the results of a medical examination in which Dr. Lee recounts Plaintiff's complaints, summarizes her medical records, and reports the results of his examination. Much of the report is cumulative of the information already in the medical record. What is

new, however, is that Dr. Lee reports that Plaintiff was evaluated with EMG nerve conduction studies. The report does not contain the results of those studies, but Dr. Lee reports that Plaintiff's "most severe problems" are the difficulties with her hands which include osteoarthritis in the hands and signs consistent with peripheral neuropathy or entrapment. [Dkt. 11-8, p. 39]. The nerve conduction studies appear to relate to period under review because in a January 6, 2010 letter, which was before the ALJ, Dr. Chalkin noted that an EMG and nerve study was being ordered. [Dkt. 11-8, p. 15].

New evidence submitted to the Appeals Council, such as Dr. Lee's report, becomes part of the administrative record to be considered when evaluating the Commissioner's decision for substantial evidence. *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Accordingly, even though the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner, *O'Dell* requires the Court to review the new evidence to determine whether, even considering this new evidence, the ALJ's decision is supported by substantial evidence.

The Court finds that considering the information in Dr. Lee's report, the ALJ's decision is not supported by substantial evidence and must therefore be reversed. Plaintiff complained of hand problems, and the ALJ noted the existence of medical evidence of hand problems, but there were no limitations related to Plaintiff's hand problems included in the ALJ's RFC finding and there was no specific discussion about Plaintiff's hand problems.[2] Dr. Lee's report identifying Plaintiff's hand problems as the most significant of

_____

[2] The ALJ is required to consider the effect of all medically determinable impairments, severe or not, in calculating the claimant's RFC. See 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe," ... when we assess your [RFC].").

her complaints and the existence of an EMG nerve conduction study require further analysis by the ALJ. On remand the ALJ should obtain the nerve conduction study and any other available medical evidence regarding Plaintiff's hand impairment.

An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). If the ALJ rejects the opinion completely, he must give specific legitimate reasons for doing so. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). The undersigned finds no error in the ALJ's rejection of the August 8, 2008, opinion of Plaintiff's treating psychiatrist, Dr. Arquisola. The ALJ noted that the clinical information in Dr. Arquisola's records shows a relatively benign mental status and progressing treatment course. [Dkt. 11-2, p. 16]. Plaintiff has pointed to nothing within Dr. Arquisola's records that contradict this conclusion. Indeed, throughout her records, Dr. Arquisola reports Plaintiff's appropriate mood and affect, normal judgment, appropriate thought process, ability to make sensible decision, and that she is appropriate in social situations. [Dkt. 11-7, p. 58-77, dated from August 2008 to December 2008].

The court rejects Plaintiff's contention that her one-day hospitalization in March 2007 before the onset date of September 2007 for suicidal ideation should have been considered as an episode of decompensation under the regulations. The regulations, 20 C.F.R. Pt. 404, Subpt. P, App.1, 12.00 (C)(4) explains that the relevant measure is "repeated episodes of decompensation, each of extended duration," which means "three

5

episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks." *Id*. Plaintiff's one-day hospitalization does not meet this definition.

The court, however, notes a different problem with the ALJ's analysis of the mental listing criteria, and the process known as the psychiatric review technique. When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the application of the procedure in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same). In this case the ALJ's decision contains no discussion of the evidence related to the conclusions the ALJ reached concerning the psychiatric review technique. On remand, the ALJ is required to appropriately support the conclusions reached on the psychiatric review technique.

The Commissioner is entitled to examine the medical record and to evaluate a claimant's credibility in determining whether the claimant suffers from disabling pain. *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986). Credibility determinations made by an ALJ are generally treated as binding upon review. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990). According to Social Security Ruling 96-7p, 1996 WL 374186 (July 2, 1996), which governs an ALJ's evaluation of a claimant's description of symptoms, the evaluation must contain specific reasons for a credibility finding; the ALJ may not simply recite the factors that are described in the regulations. Id. at *4. It is well-established that

an ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted). On remand it will be necessary to reassess Plaintiff's credibility in light of the new evidence concerning her hand conditions.

## Conclusion

The Commissioner's decision is REVERSED and the case REMANDED for further proceedings in accordance with this Opinion and Order.

SO ORDERED this 13th day of January, 2012.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE